UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON ANNE SANDERS,

   Petitioner,

-vs-                                                       Case No.  8:10-cv-271-T-30TGW

FEDERAL BUREAU OF PRISONS, et al.,

   Respondents.
_____/

## ORDER

THIS CAUSE was initiated upon the *pro se* filing of a Section 2241 petition for writ of habeas corpus ("petition") (Dkt. 1) seeking recalculation of sentencing credit and removal of a federal detainer.[1] Respondent filed a response to the petition (Dkt. 13). Petitioner filed a reply to the response (Dkt. 17). Upon consideration, the Court concludes that Petitioner is not entitled to relief.

## BACKGROUND

On March 31, 2000, Petitioner was sentenced in the United States District Court for the Eastern District of Missouri to a 15-month term of imprisonment for her conviction of Transportation of Stolen Money. (Dkt. 13, Ex. 1 at ¶ 4). The Court ordered that her incarceration was to be followed by three years of supervised release. (Id.). Petitioner

---

[1] This Court agrees with Respondent's assertion that because there is no longer a federal detainer on her, Petitioner's request for removal of the detainer is moot (Dkt. 13 at p. 1).

1

completed the incarceration portion of her sentence on June 29, 2001, and began her 3-year period of supervised release in the Middle District of Florida. (Id. at ¶ 5).

On July 24, 2003, officers in Sarasota County, Florida, completed an investigation that showed evidence of criminal activity conducted by Petitioner. (Id. at ¶ 6). On July 25, 2003, the Circuit Court for Sarasota County, Florida, issued a warrant for her arrest. (Id.).  That same day, this Court issued a warrant against Petitioner, based on known and admitted violations of supervised release, and on August 12, 2003, she was arrested by the United States Marshals Service in the Southern District of Florida. (Id. at ¶¶ 7, 8).

On August 13, 2003, the Sarasota County Sheriff's Office filed a detainer against Petitioner for her indictment in Sarasota Circuit Court, and on October 14, 2003, Petitioner was released on a state writ to Sarasota County. (Ex. 1 at ¶¶ 9, 10).  On January 27, 2004, Petitioner was sentenced to an eight-year prison term in Sarasota County, Florida, and on February 19, 2004, Petitioner was returned to federal custody in satisfaction of the state writ. (Id. at ¶¶ 11, 12).

On February 25, 2004, this Court sentenced Petitioner to a 24-month term of imprisonment, to be served *consecutively* with the sentence imposed in Circuit Court for Sarasota County. (Id. at ¶ 13).  She was remanded to the custody of the Federal Bureau of Prisons ("BOP"), and on March 31, 2004, she arrived at the Federal Correctional Institution in Mariana, Florida, where she was designated by the BOP to serve her sentence. (Id. at ¶ 14).

On May 5, 2004, this Court issued an order in response to Petitioner's Unopposed Motion for Clarification of Sentence Imposed. (Id. at ¶ 15). Specifically, Petitioner argued in her motion that she should be in federal custody and serve her federal sentence first. (Id.). However, this Court explicitly stated in its order that its intent was for Petitioner to serve her terms of incarceration consecutively, and that it had now been advised that the only way to accomplish that directive was for Petitioner to serve her state sentence first. (Id., at Attachment 10). This Court directed the BOP to transfer Petitioner to state custody to commence service of her eight-year state sentence, and directed that her federal sentence should not commence until her state sentence ended. (Id. at ¶ 15). As a result of this Court's order, the BOP agreed to relinquish its primary jurisdiction over Petitioner, and contacted state authorities, who agreed to accept primary jurisdiction over her. (Id. at ¶ 16). The BOP stopped the running of Petitioner's federal sentence in compliance with this Court's order, and on May 11, 2004, United States Marshals removed her from FCI Mariana and transported her back to the Florida Department of Corrections. (Id.).

On June 1, 2010, Petitioner was released from her eight-year state sentence, and the United States Marshals Service assumed custody of her. (Ex. 1 at ¶ 17). The BOP prepared a sentence computation for Petitioner based on the 24-month sentence imposed, commencing on June 1, 2010. (Id. at ¶ 18). She was given prior custody credit for the time she spent in custody from August 12, 2003 (the date of her arrest) though May 11, 2004 (the date federal authorities relinquished custody to the state of Florida). (Id).

On January 22, 2010, Petitioner filed the instant petition for writ of habeas corpus. She alleges that the BOP has incorrectly calculated the commencement date of her federal sentence, and unlawfully denied her credit for time served in state or federal prison. (Dkt. 1).[2]

## Discussion

Petitioner seeks credit toward her federal sentence for time served on a sentence imposed in state court for an unrelated offense. Despite the fact that this Court specifically directed that its sentence run consecutive to the state sentence, Petitioner argues that because the United States acquired exclusive and primary custody over her and, nevertheless, transferred her to state authorities after her federal sentence commenced, her subsequent time in state custody also counts as time in federal custody. She argues that she is entitled to post-sentencing federal credit for time served in state custody because the interruption in her federal prison sentence was not caused by her, and was not her fault.

This Court is persuaded by precedent in other circuits which suggests "that a federal sentence may be interrupted and re-started without time-served credit, regardless of whether the prisoner is at fault for the interruption." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (citing *Dunne v. Keohane*, 14 F.3d 335, 337 (7th Cir. 1994) (noting that back-and-forth returns of prisoner to and from state and federal custody "with no release into the free community" did not violate rule that government may not delay expiration of sentence

---

[2] Petitioner was released from federal custody on May 29, 2011.

through piecemeal incarceration); *Cox v. Federal Bureau of Prisons*, 643 F.2d 534 (8th Cir. 1981) (holding that prisoner not entitled to time-served credit against federal sentence for interruption of this sentence to complete state sentence); *Comulada v. Willingham*, 351 F.2d 936 (10th Cir. 1965) (holding that prisoner would not receive time-served credit against his federal sentence for the time he spent completing his state sentence after he was returned to local authorities, although his erroneous transfer to federal custody commenced his sentence). *But see, Weekes v. Fleming*, 301 F.3d 1175, 1180-82 (10th Cir. 2002) (holding that federal sentence commenced on date prisoner received into federal custody to begin federal sentence and ran continuously, and granting credit for period of time prisoner was temporarily released to finish serving unrelated state sentence).

It was this Court's intention that Petitioner serve her federal and state terms of incarceration consecutively. (Dkt. 13-1 at 40, 46). Therefore, just like the prisoner in *Free*, Petitioner "is serving the correct total time of [her] consecutive state and federal sentences. That [she] will have done so in two shifts between sovereigns rather than one is of no moment." 333 F.3d at 555. Under the facts in this case, "[t]he common-law rule [against the interruption of sentences] should not frustrate [this Court's] intent to impose separate sentences on [Petitioner]." *Stephens v. Sabol*, 539 F. Supp. 2d 489, 499 (D. Mass. 2008).

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The Clerk shall enter judgment against Petitioner, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 9, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:  Petitioner *pro se*
          Counsel of Record